# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| ROBERT HOLLOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action, Case No.: 5:22CV-143-BJB |
| v. | ) |
| | ) JURY DEMAND |
| T.RAD NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Robert Hollowell, by and through his undersigned counsel, and, for his Complaint, states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2. Mr. Hollowell is a resident of Christian County, Kentucky who was, at all relevant times, employed by Defendant T.Rad North America, Inc. at its facility in Hopkinsville, Christian County, Kentucky.

3. Defendant T.Rad North America, Inc. is a Delaware corporation with its principal office located at 210 Bill Bryan Blvd, Hopkinsville, KY 42240. Defendant's registered agent for service of process is Tonya Fleming, who can be served at COPAR, Inc., 210 Bill Bryan Blvd., Hopkinsville, KY 42240.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Mr. Hollowell's federal claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Mr. McReynolds' state-law claim pursuant to 28 U.S.C. § 1367(a)

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Hollowell in Christian County, Kentucky, which is located within this judicial district.

6. Mr. Hollowell filed a timely charge of discrimination with the Equal Employment Opportunity Commission with respect to his Title VII claims set forth below. Mr. Hollowell received a Notice of Right to Sue from the EEOC with respect to his Title VII claim less than ninety days prior to the filing of this Complaint.

## FACTUAL BACKGROUND

7. Mr. Hollowell is an African-American man.

8. Defendant hired Mr. Hollowell for an entry-level position on a temp-to-hire basis in or about early 2016.

9. Mr. Hollowell performed his job well, which resulted in his promotion to a group leader position.

10. In or about 2018, Defendant offered Mr. Hollowell the supervisor position while Danny Lacey, the manager who typically selected supervisors, was absent.

11. Mr. Hollowell ultimately did not receive a promotion to supervisor, however.

12. Mr. Lacey would not approve a promotion for Mr. Hollowell.

13. Mr. Lacey has expressed racist attitudes on many occasions, including telling a friend on a hot day that "I'm out here sweating like a n----r" in front of a Black employee and calling another Black employee "boy."

14. Mr. Lacey interacts with Black employees only if they are submissive to him.

15. Mr. Hollowell, however, once stated that "we aren't all house Blacks anymore. And there's a bunch of us now."

16. Mr. Lacey typically did not speak to Mr. Hollowell at all and, when he did, it was often to berate him or order him to be more submissive by yelling statements such as "I run the company!"

17. At one point, Mr. Lacey saw Mr. Hollowell engage in the common practice of driving a company truck to the warehouse, which led to Mr. Lacey creating a rule that no one could drive company trucks to the warehouse.

18. Despite the rule, employees other than Mr. Hollowell were allowed to continue driving trucks to the warehouse.

19. Thereafter, Defendant suspended Mr. Hollowell for three days for getting into an argument with another employee.

20. The other employee was a Black employee who made it a point to praise Mr. Lacey and do anything he demanded, including saying that Mr. Hollowell had "scared" him when the two of them engaged in an argument for which only Mr. Hollowell was punished.

21. Defendant has had other instances of employees arguing and even employees getting into physical fights in the workplace for which they did not impose any suspension.

22. Finally, on or about June 28, 2022, a female employee followed Mr. Hollowell around the plant while he walked away from her work area and eventually shoved him.

23. Mr. Hollowell did not push the woman, make any form of physical contact with her, or raise his voice to her, but Defendant terminated Mr. Hollowell for supposedly "being the aggressor" in the situation.

24. That woman, too, was a Black employee who made conscious efforts to cozy up to Mr. Lacey.

25. Mr. Hollowell was treated differently because he was a Black employee who would not be submissive.

27. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

28. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Hollowell has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

29. Mr. Hollowell realleges and incorporates herein the allegations contained in Paragraphs 1 – 28.

30. Defendant's actions alleged herein constitute discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

31. Mr. Hollowell's race was a motivating factor in Defendant's treatment of him.

32. Defendant's actions on the basis of Mr. Hollowell's race were willful and knowingly committed.

33. As a direct and proximate result of Defendants' adverse treatment of Mr. Hollowell in violation of Title VII of the Civil Rights Act of 1964, Mr. Hollowell was injured and suffered damages.

34. Mr. Hollowell has sustained a loss of back pay, benefits, incidental expenses, and front pay.

35. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Hollowell's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### RACE DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

36. Mr. Hollowell realleges and incorporates herein the allegations contained in Paragraphs 1 – 35.

37. Defendant's conduct constitutes illegal discrimination on the basis of race in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq*.

38. As a result of Defendant's conduct, Mr. Hollowell was injured and suffered damages.

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That the Court award Plaintiff judgment for damages of the lost compensation he has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Defendant be ordered to pay punitive damages pursuant to Count I in an amount to be determined at trial;

6. That the Court award Plaintiff additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial pursuant to Counts I and II;

8. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k) and Ky. Rev. Stat. § 344.450;

9. That costs and discretionary costs be taxed against Defendant;

10. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

11. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

12. For such other and further relief as the Court may find appropriate.

Respectfully Submitted,

_s/ D. Wes Sullenger_
D. Wes Sullenger, KY BAR # 91861
        TN BPR # 021714
        IL ARDC # 6322019

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY 42003
Voice: (270) 443-9401
Fax:  (270) 596-1082

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Robert Hollowell*