UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **ROBERT HOLLOWELL** | **PLAINTIFF** |
| v. | No. 5:22-cv-143-BJB |
| **T. RAD NORTH AMERICA, INC.** | **DEFENDANT** |

\*\*\*\*\*

## MEMORANDUM OPINION & ORDER

Plaintiff Robert Hollowell, then represented by counsel, sued T. Rad North America for employment discrimination in October 2022. Hollowell alleges that Danny Lacey, his former manager at T. Rad, discriminated against him in violation of federal and state law. *See* Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*; Complaint (DN 1) ¶¶ 29–38. According to Hollowell, Lacey denied him a promised job promotion, ¶¶ 9–12, made racist comments in the workplace, ¶ 13, treated him worse than other employees, ¶¶ 17–21, and wrongfully terminated his employment, ¶ 23—all because Hollowell is African American, ¶ 25.

After communication between Hollowell and his lawyer apparently "brok[e] down" in June 2023, DN 11, Magistrate Judge King granted the lawyer's request to withdraw, DN 12. Judge King gave Hollowell 30 days (later extended by nearly 2 months, DN 14) to either obtain new counsel or file a status report indicating his intent to proceed *pro se*, DN 12. Since then, the case's progress has been halting at best. After initially indicating his hope to find a lawyer, DN 15, Hollowell neither obtained new counsel nor indicated he would proceed *pro se*. He just stopped responding to the Court's orders—including a requirement to respond to discovery requests. DN 16.

T. Rad then moved in March 2024 to dismiss Hollowell's Complaint, citing (among other reasons) Hollowell's failure to comply with discovery requests. DN 17. Still unrepresented, Hollowell eventually responded to those requests, DN 20, though the Magistrate Judge struck the responses as inadequate during a status conference, which Hollowell didn't attend, DN 21. T. Rad then moved to compel production, DN 22, the Magistrate Judge granted the motion, DN 23, Hollowell again failed to appear at an August 2024 status conference, and T. Rad supplemented its motion to dismiss, DN 26.

T. Rad's supplemental motion to dismiss (DN 26) requests dismissal under either Rule 41, which addresses involuntary dismissal, or Rule 37, which authorizes sanctions (including dismissal) for discovery violations. Dismissal under Rule 41 for failure to prosecute suffices here: Hollowell has "fail[ed] to prosecute or to comply

with … a court order," so T. Rad "may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Courts addressing such motions consider four factors—none of which is dispositive—in determining whether to dismiss for failure to prosecute: "1) whether the party's failure was due to willfulness, bad faith or fault; 2) whether the adversary was prejudiced by the failure; 3) whether the party was warned that its failure could lead to the sanction; and 4) whether less drastic sanctions were first imposed or considered." *Spencer v. Drive-In of Evansville, Inc.*, No. 4:18-cv-101, 2019 WL 460393, at *1 (W.D. Ky. Feb. 5, 2019) (citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).

At the motion-to-dismiss stage, the Court accepts all non-conclusory allegations as true and reads them in the light most favorable to the plaintiff, particularly since Hollowell is proceeding *pro se*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this leniency is limited. If "a pro se litigant fails to comply with an easily understood court-imposed deadline," for example, "there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted).

The four Rule 41 factors all favor dismissal.

*First*, Hollowell's failure to respond appears to be no one's fault but his own. He has not carried (or even tried to carry) his "burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *See Vander Boegh v. Harless*, No. 5:18-cv-123, 2022 WL 542887, at *5 (W.D. Ky. Feb. 23, 2022) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). He agreed in a November 2023 Status Conference to a December 6, 2023, deadline for discovery responses. *See* DN 16. Yet he hasn't responded to that order, nor to T. Rad's motion to dismiss. Nothing in the record indicates that Hollowell is unable to comply with discovery orders or motions to dismiss.

*Second*, Hollowell's failure to respond has prejudiced T. Rad. The company has been "required to waste time, money, and effort in pursuit of cooperation which [Hollowell] was legally obligated to provide." *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). As in *Vander Boegh*, Hollowell's "failure to comply with the Court's orders has caused [the defendant] to file a motion to compel and a motion to dismiss," and "forced [it] to attend multiple teleconferences focused on Plaintiff's refusals to comply with the discovery deadlines." *See* 2022 WL 542887, at *5. T. Rad, through no fault of its own, has been "required to defend against this stagnant litigation as it continues to drag on, without progress." *See id*.

*Third*, the Court warned Hollowell in August 2024 of this matter's pending motion to dismiss. DN 25. Hollowell failed to attend the corresponding telephonic status conference, during which the Magistrate Judge discussed the possibility of dismissal. *See id*. The Court's written order also directed Hollowell to T. Rad's motion to dismiss for failure to prosecute. Yet he hasn't responded.

2

Last, the Court already imposed "the less drastic sanction" of allowing Hollowell additional time to respond to T. Rad's discovery requests, yet he failed to do so. *See Ellison v. Beavers*, No. 5:18-cv-74, 2021 WL 1069043, at *2 (W.D. Ky. Mar. 19, 2021). Given Hollowell's history of inaction, nothing indicates that further direction from the Court (or any other sanction) would ensure compliance. Alternative steps would in all likelihood merely prolong this litigation, which already has languished for nearly two years. To reduce any prejudice, however, the Court will dismiss without rather than with prejudice.

## ORDER

The Court grants the Defendant's motion to dismiss (DN 17) without prejudice and closes this case. This is a final order.